UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPHER MEDIA, LLC (formerly known as Local Clicks) dba Doctor Multimedia, a Nevada Limited Liability Corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>PHILLIP SPAIN, an individual; STEPHEN MARINKOVICH, an individual,<br><br>　　　　　　　　　Defendants. | Case No.: 3:19-cv-02280-CAB-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR REIMBURSEMENT OF REASONABLE EXPENSES INCURRED**<br><br>**[Doc. No. 37]** |

Before the Court is defendants' Motion for Reimbursement of Reasonable Expenses Incurred (the "Motion" or "Mot."), in which defendants request reimbursement of their expenses incurred in successfully moving to compel discovery from plaintiff Gopher Media, LLC ("plaintiff" or "Gopher Media"). Doc. No. 37. Plaintiff opposes the Motion (the "Opposition" or "Opp."). Doc. No. 41. For the reasons set forth below, the Court GRANTS defendants' Motion and awards defendants their reasonable expenses in the amount of $7,700.

//

## I. BACKGROUND

This case arises out of defendants' alleged misappropriation of trade secrets from their former employer, Gopher Media. On August 11, 2020, the parties submitted a Joint Motion for Determination of Discovery Dispute, in which defendants moved to compel plaintiff to provide further responses to requests for production, interrogatories, and requests for admissions (the "Motion to Compel"). Doc. No. 30. The parties submitted full briefing on their dispute, supported by voluminous exhibits including the discovery at issue, and the Court held two telephonic hearings at which counsel were present and heard.

On August 24, 2020, the Court issued its Order on the parties' discovery dispute, granting defendants' Motion to Compel (the "Discovery Order"). Doc. No. 34. The Court found plaintiff's discovery responses "inadequate," "evasive," "nonresponsive," "abusive," and "improper." *Id.* at 6, 7, 10, 11, 14. Accordingly, the Court ordered plaintiff to serve amended responses to defendants' written discovery, and to re-designate the 139,311 documents already produced consistent with the terms of the Protective Order. *Id.* at 15. Plaintiff was ordered to do so "on an expedited basis" given the length of time the discovery had been outstanding and the approaching fact discovery cutoff. *Id.* at 14. Finally, noting that Rule 37 contains a mandatory provision for the reimbursement of expenses to the party who prevails on a motion to compel, the Court afforded defendants an opportunity to pursue their expenses, and plaintiff was afforded an opportunity to oppose any request for expenses. *Id.* at 15. The instant Motion followed.

## II. DISCUSSION

***A. Reimbursement of Expenses Is Mandatory Absent an Applicable Exception.***
Federal Rule of Civil Procedure 37(a)(5)(A) provides that where a discovery motion is granted, the Court "must" require the party or attorney whose conduct necessitated the motion pay "reasonable expenses incurred in making the motion, including attorneys' fees" to the party who prevails on the discovery motion. Fed. R. Civ. P. 37(a)(5)(A). Only where "(i) the movant filed the motion before making good faith efforts to obtain the disclosure or discovery without court action; (ii) the opposing party's position was substantially

justified; or (iii) [where] other circumstances make an award of expenses unjust" must the Court refrain from ordering such payment. Fed. R. Civ. P. 37(a)(5)(A).

As noted above, the Court granted defendants' Motion to Compel without exception, finding it was necessitated by plaintiff's "inadequate and evasive" discovery responses and "dilatory conduct." Discovery Order at 14. This triggered the mandatory award of expenses under Rule 37(a)(5)(A).[1] The only question for the Court on this Motion, then, is whether plaintiff, as the "losing party," has met its "burden of demonstrating" that one of the Rule's three enumerated exceptions to the mandatory award of expenses applies. *See Vegas v. Experian*, No. CV 10-8567 JAK (FMOx), 2011 WL 13323364, at *3 (C.D. Cal. May 13, 2011). The Court finds it has not.

***B. Plaintiff Has Not Shown That Defendants Failed to Make Good Faith Efforts to Obtain the Discovery Without Court Action.*** Plaintiff contends that defendants are not entitled to an award of reasonable expenses because defendants purportedly "failed to properly meet and confer" before filing the Motion to Compel. Opp. at 3. This argument is belied by the parties' statement in the Motion to Compel that they met and conferred before its filing. Doc. No. 30 at 2. Furthermore, the Court's docket reflects this discovery dispute was the subject of ongoing discussions among the parties. *See* Doc. Nos. 24, 26, 28, and 29. Nor can the Court credit plaintiff's assertions that it was "sandbagged" and that defendants prevented the Court from "hear[ing] Plaintiff's side of the story," Opp. at 5-6, given that plaintiff's section of the Motion to Compel was 13 pages long (well in excess of the 5 pages allowed by this Court's Chambers Rules) and the Court heard argument from plaintiff on two separate occasions. *See* Doc. Nos. 30 at 1-13; 34 at 1.

---

[1] The Court rejects plaintiff's claim that it "has no jurisdiction to award such fees" because "[d]efendants never requested sanctions in their motion." Opp. at 3. The plain terms of Rule 37(a)(5)(A) require the Court to award defendants their reasonable expenses unless plaintiff can satisfy one of the three exceptions to the Rule. Fed. R. Civ. P. 37(a)(5)(A). The sole prerequisite – that the parties have "the opportunity to be heard" – was satisfied here. *Id.* Further, the Court's ability to control discovery includes the "authority ... to 'issue further just orders' in the nature of sanctions, including ordering the payment of expenses." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1225 (9th Cir. 2018) (quoting Fed. R. Civ. P. 37(b)(2)(A)).

Rather than set forth facts to show why this exception applies, plaintiff merely makes accusations about "harassment" and "personal attacks." Opp. at 4. Even assuming *arguendo* that defendants' conduct toward plaintiff fell short of the professionalism the Court expects, it is simply immaterial to the Court's analysis whether the parties or their counsel "g[e]t along" or whether their communications have been "cordial."[2] Doc. No. 41-1 at 2. To avoid reimbursing defendants for their reasonable expenses on the Motion to Compel, plaintiff was required to show that defendant failed to make a good faith attempt to obtain the discovery without Court intervention. *See Pelayo v. Platinum Limousine Svcs., Inc.*, No. 15-00023 DKW-KJM, 2018 WL 310126, at *4 (D. Hawaii Jan. 5, 2018). Plaintiff has not done so. Accordingly, Rule 37(a)(5)(A)(i)'s exception does not apply.

***C. Plaintiff Has Not Shown That Its Position Was Substantially Justified.*** Plaintiff could also avoid Rule 37's mandatory award of fees and expenses by showing that its position in resisting defendants' discovery was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). A party's position is generally considered "substantially justified" where "reasonable people could differ" whether it is appropriate. *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) (internal quotation marks and citations omitted).

Here, the Court has already found that plaintiff's discovery position was not justified, explaining that plaintiff's discovery responses were "inadequate," "improper," and "evasive," that its objections lacked merit, and that its confidentiality designations were "abusive." *See* Discovery Order at 6, 7, 10, 11, 14. Plaintiff's sole attempt to counter these findings is to recycle an argument that the Court already considered and rejected – namely, that plaintiff could not respond to defendants' discovery until the forensic examination of defendants' electronic devices was complete. Opp. at 3; *see also* Discovery Order at 10-11. Plaintiff's Opposition is devoid of any further defense of its position on

---

[2] This Court takes no position regarding whether the representations made by plaintiff's counsel are true. Regardless, even if they were as represented, they do not excuse plaintiff from its discovery obligations as required by the Federal Rules of Civil Procedure.

the discovery dispute at issue in the Motion to Compel.³  The Court therefore finds that plaintiff has failed to meet its burden of showing that its position was substantially justified, and the exception enumerated in Rule 37(a)(5)(A)(ii) does not apply.

***D. Plaintiff Has Not Shown That an Award of Expenses Would Be Unjust.***  The third exception to requiring reimbursement of the prevailing party's expenses is that such an award would be "unjust" under the circumstances.  Fed. R. Civ. P. 37(a)(5)(A)(iii).

Defendants here request reimbursement of expenses in the total amount of $7,700.00. Mot. at 5.  Plaintiff asserts that it would be "unreasonable and unjust to award fees to [d]efendants when they have not detailed to the Court where they came up with that figure." Opp. at 5.  The Court disagrees.  This sum is supported by sworn declarations of defendants' counsel, Mr. Berger and Ms. Gilliland. *See* Doc. Nos. 37-2, 38.  Mr. Berger's declaration outlines that he spent over 11 hours (at a discounted hourly rate of $400.00) "reviewing Plaintiff's two sets of discovery responses, reviewing and revising the draft joint motion, conferring with co-counsel, reviewing Plaintiff's lengthy response/position statement, preparing for and participating in telephonic hearings and reviewing and revising this motion [for expenses]."  Doc. No. 38, at ¶¶6-7. Ms. Gilliland declares that she spent over 12 hours (at an hourly rate of $275.00) reviewing plaintiff's discovery responses, preparing the joint motion and the motion for expenses, and preparing for the two hearings on the Motion to Compel.  *See* Doc. No. 37-2, at ¶¶7-8.  Given the detailed declarations of defendants' counsel, the Court finds no merit in plaintiff's argument.

The Court likewise rejects plaintiff's accusation that defendants' counsel overstated their billing for purposes of the sanctions motion and "provided nothing which would indicate or prove they spent all the time they claim they did." Opp. at 6.  To the contrary,

---

³ Plaintiff, incorrectly citing Rule 37(c)(1), asserts that defendants' expenses should not be awarded if the failure to respond to discovery was "harmless." Opp. at 3.  Rule 37(c)(1) applies to a party's failure to make the disclosures required by Rule 26(a) or (e), not to a failure to respond to discovery requests. *See* Fed. R. Civ. P. 37(c)(1).  Regardless, plaintiff fails to show its evasive and improper discovery responses were harmless, and the Court has already found that "the protracted course of plaintiff's responses to reasonable and relevant discovery requests" was prejudicial to defendants.  *See* Discovery Order at 14.

counsel submitted two declarations in which they represent to the Court under penalty of perjury that they spent 11 and 12 hours, respectively, litigating plaintiff's failure to respond to their appropriate discovery requests.[4]  It is not clear to the Court what is left to "prove." *Id.*  And, aside from accusing defendants' counsel of overstating the time they spent on the Motion to Compel, plaintiff does not identify any circumstances that would make an award of expenses unjust in this case.  Plaintiff has therefore not carried its burden to show this exception applies. Indeed, "but for [plaintiff's] noncompliance," defendants' Motion to Compel – which was brought after "numerous opportunities to comply" – would not have been necessary. *See Pelayo*, 2018 WL 310126, at *6.  Accordingly, the Court finds the award of defendants' reasonable expenses is not unjust under the circumstances.

## ORDER

Federal Rule of Civil Procedure 37(a)(5)(A) requires the losing party to reimburse the prevailing party's reasonable expenses unless one of the three enumerated exceptions is found to apply.  Fed. R. Civ. P. 37(a)(5)(A). Plaintiff has not carried its burden to show that any exceptions apply. Therefore, defendants' Motion for Reimbursement of Reasonable Expenses Incurred [Doc. No. 37] is **GRANTED**.  Plaintiff is hereby **ORDERED** to pay defendants $7,700.000 for expenses reasonably incurred in bringing the Motion to Compel within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  November 3, 2020

Hon. Karen S. Crawford
United States Magistrate Judge

---

[4] Plaintiff cites an August 10, 2020 email in which Mr. Berger states he spent four hours drafting the Motion to Compel.  *See* Doc. No. 41-8.  However, counsel's declarations show that further drafting was done after the email was sent, and that counsel's time includes other tasks such as preparing for two hearings and drafting the instant Motion.  *See* Doc. No. 38 at ¶6; Doc. No. 37-2 at ¶¶6-7.  The Court is not persuaded that counsel has overstated the hours spent on tasks related to defendants' Motion to Compel.