UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPHER MEDIA, LLC (formerly known as Local Clicks) dba Doctor Multimedia, a Nevada Limited Liability Corporation,<br><br>              Plaintiff,<br><br>v.<br><br>PHILLIP SPAIN, an individual; STEPHEN MARINKOVICH, an individual,<br><br>              Defendants. | Case No.: 3:19-cv-02280-CAB-KSC<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>**[Doc. No. 52]** |

Before the Court is a motion by plaintiff Gopher Media, LLC ("plaintiff" or "Gopher Media") to compel compliance with subpoenas served on nonparties Adit Advertising, Inc. ("Adit") and its CEO Ali Jhaver ("Jhaver," and, with Adit, the "nonparties"). Doc. No. 52. Plaintiff also requests an order of contempt against the nonparties, and for reimbursement of its reasonable expenses in bringing the Motion to Compel. *Id.* at 5, 7. The nonparties oppose, and request entry of a protective order in the event the Court requires them to produce any documents or information. *See* Doc. No. 56. For the reasons that follow, the Court **DENIES WITHOUT PREJUDICE** the Motion to Compel and **DENIES AS MOOT** the nonparties' request for a protective order.

/ /

## I.  BACKGROUND

Gopher Media is a digital marketing and social media services company.  Doc. No. 1 at 4.  Defendants Phillip Spain and Steven Marinkovich are former employees of Gopher Media who both were terminated in June 2019 and thereafter went to work for Adit, a competitor of Gopher Media.  *Id.* at 5-9, 12.  On November 27, 2019, plaintiff filed this Action, alleging that Spain and Marinkovich misappropriated its trade secrets, including client lists, event lists, sales strategies, and sales scripts, which they used to Adit's benefit.  *Id.* at 6, 8, 11-12.  Defendants answered the Complaint on December 18, 2019, and the parties have been engaged in discovery for several months.  *See* Doc. Nos. 7, 12, 14.

On September 28, 2020, plaintiff filed a separate lawsuit against Adit, Jhaver, and two others for, *inter alia*, misappropriation of trade secrets, unfair business practices and civil conspiracy (the "Adit case").  *See* Case No. 3:20-cv-1929-CAB-KSC, Doc. No. 1.  The Adit case arises out of the same alleged misappropriation of trade secrets that is the basis of this case. *See generally id.*  Defendants in the Adit case have not answered or otherwise responded to the complaint and discovery has not yet commenced.

On October 2, 2020, plaintiff served Adit and Jhaver with subpoenas for documents and testimony (the "Subpoenas") in this action.  *See* Doc. Nos. 52-1, 52-2, and 52-3.  Each of the Subpoenas commanded a response to 41 separate requests for documents (the "Requests"), and Adit was also commanded to produce a witness to testify on 24 topics (the "Topics").[1]  *See* Doc. Nos. 52-2 and 52-3.  After receiving the nonparties' objections to the Subpoenas, plaintiff's counsel conferred with the nonparties' counsel by letter, email and phone, but they were unable to resolve their disagreements.  *Id.* at 4-6.  This Motion to Compel followed.

//

---

[1] Plaintiff did not attach its subpoena to Adit to the Motion to Compel, but did attach Adit's responses and objections, from which the Topics and Requests are ascertainable.  Counsel are reminded that this Court's Chambers' Rules require that "[a]ny necessary and relevant exhibits" be attached to discovery motions. Chambers' Rules and Civil Pretrial Procedures for the Honorable Karen S. Crawford, § VIII.E.1.c.

## II. LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is broad, but "not unlimited." *Cabell v. Zorro Prods.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013). Rule 26 provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The scope of discovery obtainable from a nonparty by subpoena is the same as that obtainable from a party. *See ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530-31 (N.D. Cal. 2015). However, Rule 45 imposes an affirmative duty upon parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). In determining whether a subpoena is proper, the Court "balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006). The Court has "'broad discretion'" to "'permit or deny discovery.'" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted).

## III. DISCUSSION

**A. The Discovery Sought Is Not Relevant**

To fall within Rule 26's generous scope, the discovery sought in the Subpoenas must, at a minimum, "be relevant to the claims and defenses ***in the underlying case***." *Gonzales*, 234 F.R.D. at 680 (emphasis added). Plaintiffs' discovery requests do not clear even this low threshold. To reiterate, plaintiff alleges in ***this*** lawsuit that defendants – two of its former employees – misappropriated Gopher Media's client lists and other trade secrets, and that soon after they were terminated from Gopher Media in June 2019, they went to work for Adit, a direct competitor. *See generally* Doc. No. 1. Plaintiff states that "[i]t is also believed and alleged that Adit and Jhaver recruited Defendants to leave

[plaintiff's employ] to work for Adit and to take Plaintiff's trade secrets to Adit." Mot. at 2. While that may be the allegation in the Adit case, there is no allegation of wrongdoing as against Adit or Jhaver in *this* case. Adit is identified in this case now before the Court as the competitor for whom Spain and Marinkovich went to work after leaving Gopher Media, and Jhaver is not even referenced in the Complaint. Doc. No. 1 at 7, 10-12, 15. The references to Adit in plaintiff's Complaint do not justify the expansive discovery plaintiff seeks from the nonparties.[2]

Plaintiff asserts that the requested discovery is appropriately limited because it "deal[s] primarily with Adit's relationship with … Spain and Marinkovich." Mot. at 6. Even if this were true, Adit's "relationship" with defendants is not *per se* relevant – it must have some bearing on plaintiff's allegation that defendants "actively and deceptively" misappropriated plaintiff's "client related files and data, confidential records and Trade Secrets and took them … to their new employment." Mot. at 2. Plaintiff's conclusory assertion that Adit and Jhaver are "vital, key witnesses in this case" does not satisfy its burden to demonstrate that the discovery it seeks is relevant. *See Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017) (noting that burden of demonstrating relevance is on party moving to compel discovery). While defendants' or their counsel's communications with the nonparties (regardless of subject matter) or Spain's and Marinkovich's employment agreements and personnel files may illuminate the "relationship" between Adit and defendants, plaintiff has not shown how this wide-ranging information bears on defendants' purported misappropriation of plaintiff's trade secrets as it alleges in the Complaint.

---

[2] The Court nevertheless rejects the nonparties' position that they were not obligated to comply with the Subpoenas because plaintiff's Complaint is deficient under California Code of Civil Procedure § 2019.210, which required plaintiff to identify the allegedly misappropriated trade secrets with particularity. Doc. No. 56 at 4-5. Whatever the merits of this defense, it has not been asserted by defendants in this Action. The sufficiency of plaintiff's Complaint has not been challenged, and discovery is ongoing. The Court is not persuaded that § 2019.210 forecloses plaintiff's discovery to the nonparties.

Furthermore, even a cursory review of the Requests and Topics belies plaintiff's assertion. The nonexhaustive list of information plaintiff has requested that is not remotely relevant to the claims and defenses herein includes: employment agreements and personnel files of former Gopher Media employees other than defendants; communications between any employee or agent of Adit and any employee or agent of Gopher Media; Adit's board meeting minutes; its business and marketing plans; its communications with its own clients and potential clients; contracts Adit has entered into since January 2018; communications about or concerning Gopher Media's CEO; and Adit's efforts to protect its own trade secrets.[3] Gopher Media is not entitled to conduct such a sweeping examination of the nonparties' files and witnesses. *See*, *e.g.*, *U.S. ex rel. Carter v. Bridgepoint Educ.*, *Inc.*, 305 F.R.D. 225, 237 (S.D. Cal. 2015) (noting that Rule 26's broad scope is not "a license to engage in an unwieldy, burdensome and speculative fishing expedition.") (citation omitted). The Court agrees with nonparties that plaintiff's far-reaching discovery is an "attempt[] to pursue backdoor discovery" in the Adit case.[4] Doc. No. 56 at 1. This is improper. *See* Fed. R. Civ. P. 26(d)(1). The Court finds that the requested discovery is outside the scope of Rule 26(b)(1) and denies the Motion to Compel on that basis.

**B. The Discovery Requests Are Overbroad**

Compounding the problem of seeking irrelevant information, the Requests and Topics are not narrowly tailored to seek only such information as would be relevant in this case. As a rule, requests for "any and all" documents or communications (or testimony about those materials) are facially overbroad. *See Painters Joint Comm. V. Emp. Painters*

---

[3] That some Requests and Topics call for information only insofar as it "refers" or "relates" to plaintiff, its CEO or its clients (current and former) does not salvage them. As plaintiff acknowledges, Adit and plaintiff are direct competitors. Doc. No. 52 at 2. It is likely that information within the nonparties' control "refers" or "relates" to plaintiff, its employees and/or its clients for reasons that have no relevance whatsoever to the question of whether Spain and Marinkovich misappropriated plaintiff's trade secrets.

[4] Particularly telling is plaintiff's request for information regarding Andrew Hoffman, a former Gopher Media employee who is neither a party to this Action nor referenced in plaintiff's Complaint, but is alleged in the Adit case to have misappropriated plaintiff's trade secrets.

*Trust Health & Welfare Fund*, No. 2:10-cv-01385-JCM-PAL, 2011 WL 4549232, at *2 (D. Nev. Sept. 29, 2011) (finding subpoena for "any and all documents" overbroad). The Requests and Topics are also not reasonably limited by subject matter. Responding to discovery about broad, indiscriminate subject matters such as "communications with any person…which in any way refer to [plaintiff]," or all communications with or regarding any current or former Gopher Media client without limitation, would require the nonparties to produce vast quantities of information unrelated to the issues in this case. Further, plaintiff's discovery is also not limited to a reasonable time period, and many Requests and Topics have no temporal limitation at all. Others seek documents or information from 2012 through the present, even though Marinkovich and Spain did not begin their employment with Gopher Media until 2016 and 2017, respectively, and left in 2019. *See* Doc. No. 1 at 5, 7-8, 10. The Court therefore finds the Requests and Topics are impermissibly overbroad and denies the Motion to Compel on this alternative basis.

**C. The Discovery Requests Are Unreasonably Cumulative and Duplicative**

In further violation of Rule 26, plaintiff's discovery is also unreasonably cumulative and duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). The Requests seek information related to "Gopher," and as that term is defined, responsive information would include documents related to plaintiff's d/b/a "Doctor Multimedia" and its CEO, Ajay Thakore. Doc. No. 52-2 at 9. Nevertheless, plaintiff repeatedly served discrete requests for information related to "Gopher," "Doctor Multimedia," and "Ajay." Likewise, plaintiff served separate requests for "communications" and "social media postings," even though the definition of "communications" encompasses social media postings. *Id.* at 9-10. "Employment records" includes by definition offers of employment and employment contracts, yet those items were the subject of three separate requests (multiplied by three former employees: Spain, Marinkovich, and Hoffman). *Id.* at 14. All of the foregoing materials are encompassed by "documents," a term defined but not used in any Request. *Id.* at 10. Plaintiff's inexplicable failure to apply its own definitions in drafting the Requests pointlessly multiplied the discovery to which nonparties were required to respond.

The problem is not just one of definitions, however. To take just one subject matter as an example, the Court counts no fewer than *six* Requests for "communications" regarding plaintiff:

- Please produce a copy of all of YOUR COMMUNICATIONS with any PERSON including but not limited to HOFFMAN, SPAIN and MARINKOVICH which in any way REFER TO GOPHER (Request No. 8);

- Please produce a copy of all COMMUNICATIONS between YOU and [SPAIN/MARINKOVICH/HOFFMAN] which were created at any time between January 1, 2012 and the present which in any way RELATE TO GOPHER (Request Nos. 15, 17 and 19);

- Please produce a copy of any COMMUNICATIONS (other than those sent by YOUR counsel) sent between January 1, 2016 to the present, that YOU were cc'd on which in any way REFER TO GOPHER (Request No. 21); and

- Please produce a copy of all COMMUNICATIONS YOU have exchanged with any PERSON other than YOUR counsel at any time between January 1, 2016 and the present which in any way REFER TO or RELATE TO GOPHER (Request No. 29).

*See* Doc. No. 52-2 at 17-21. Adding to these six Requests (the first of which subsumes the remaining five) are six identical Requests for communications related to "Doctor Multimedia" or Ajay Thakore.[5] Then there are Requests No. 40 and 41, which call for production of "communications" "relate[d] to" Gopher and Thakore in addition to other enumerated types of documents. There are five distinct Requests for "communications" with or relating to Gopher Media's current or former clients and its trade secrets.[6] As a result, what should have been a *single* document request is instead a *dozen or more* requests calling for the same or substantially the same information. The Court finds this problem repeated throughout the Requests, and then carried through to the Topics.

---

[5] These are Requests No. 7, 9, 16, 18, 20, and 22. *See* Doc. No. 52-2 at 17-19.

[6] These are Requests No. 10, 11, 34, 35, and 36. *See* Doc. No. 52-2 at 17-21.

Plaintiff's failure to draft narrowly tailored discovery resulted in the nonparties being served with 82 needlessly duplicative requests for documents. Plaintiff then also commanded Adit to produce a witness to testify regarding 24 Topics which are largely cumulative of the Requests. The Court appreciates that drafting discovery with precision is not always an easy task, and that some overlap is unavoidable. However, the redundancy in plaintiff's Requests and Topics is unacceptable and, in the Court's view, abusive.[7] The Court finds that plaintiff's discovery to the nonparties is unreasonably cumulative and duplicative, and denies the Motion to Compel on that alternative basis.

**D. The Requested Discovery Is Not Proportional to the Needs of the Case**

Because plaintiff's discovery is overbroad, unreasonably cumulative, and seeks information that is not relevant to the parties' claims and defenses in this Action, the Court further finds that it is not proportional to the needs of the case. The nonparties assert, and the Court agrees, that they could be faced with reviewing "thousands of pages of documents" to respond to plaintiffs' wide-ranging Requests. Mot. at 7. Adit would also be required to prepare a witness to testify as to 24 equally wide-ranging deposition topics. The Court finds that the marginal (if any) relevance of the discovery is significantly outweighed by the effort that nonparties would need to expend to produce it. *See In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) (noting that "[r]elevancy alone is no longer sufficient – discovery must also be proportional to the needs of the case.") The Motion to Compel is denied on the further basis that the requested discovery is not proportional to the needs of the case.

**E. Denial Without Prejudice**

As written, plaintiff's discovery to the nonparties seeks irrelevant information, is overbroad and unreasonably cumulative, and is disproportional to the needs of the case, in violation of Rules 26 and 45 of the Federal Rules of Civil Procedure. Accordingly, the

---

[7] The Court reminds plaintiff's counsel that by signing the discovery, they certified that it was "not unreasonable or unduly burdensome." Fed. R. Civ. P. 26(g)(B)(iii).

Motion to Compel is denied.  For the same reasons, the Court finds the nonparties' objections to the Subpoenas were well-founded and declines to hold them in contempt for failing to appear for deposition or produce documents.  *See* Fed. R. Civ. P. 45(g) (providing the Court may hold in contempt a person who fails to obey a subpoena "without adequate excuse").  As the Motion to Compel is denied in its entirety, plaintiff is not entitled to its expenses in bringing it.  *See* Fed. R. Civ. P. 37(a)(5) (providing that an award of expenses is appropriate where a motion to compel is granted).

Nevertheless, based on the Court's review of the Complaint in this Action, it appears that the nonparties may possess some information which may be relevant to plaintiff's allegations against Spain and Marinkovich.  However, "when a party stands on an overly broad request and does not make a reasonable attempt to narrow it," it is not up to the Court to "'rewrite'" the discovery "'to obtain the optimum result for that party.  That is counsel's job.'"  *Kellgren v. Petco Animal Supplies, Inc.*, No. 3:13-cv-644-L(KSC), 2017 WL 979045, at *4 (S.D. Cal. Mar. 13, 2017) (citation omitted).  Therefore, plaintiff is ordered to meet and confer in good faith with the nonparties to determine a mutually acceptable scope of documents and testimony to be produced.  If plaintiff and the nonparties reach an agreement, the nonparties may produce documents in accordance with the terms of the Protective Order already in place in the Action (Doc. No. 17), rendering the nonparties' request for a protective order moot.  If, however, plaintiff and the nonparties cannot reach an agreement regarding the scope of documents and testimony, they are to file a joint discovery motion in accordance with the Court's Chambers' Rules ***no later than November 23, 2020***.  The Court reiterates that, based on the allegations set forth in the Complaint in this Action, the universe of relevant information from the nonparties is considerably narrower than the discovery demands currently before it.  Plaintiff is cautioned that if there is further motion practice, and the Court determines that plaintiff continues to seek irrelevant, cumulative and disproportionate discovery, plaintiff's Motion to Compel will be denied in its entirety, with prejudice.

/ /

9

3:19-cv-02280-CAB-KSC

# ORDER

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Plaintiff's Motion to Compel Adit Advertising, Inc. and Ali Jhaver to comply with the Subpoenas is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff and the nonparties are ordered to meet and confer to determine a mutually acceptable scope of discovery to be produced by nonparties;

    a. If plaintiff and the nonparties reach an agreement, the nonparties may produce documents and testimony in accordance with the operative Protective Order [Doc. No. 17];

    b. If plaintiff and the nonparties cannot reach an agreement, they are to file a joint motion for determination of a discovery dispute in accordance with this Court's Chambers' Rules *no later than November 23, 2020*;

3. Plaintiff's request to be reimbursed for its reasonable expenses in bringing this Motion to Compel is **DENIED**;

4. Plaintiff's request for an Order holding Adit Advertising, Inc. and Ali Jhaver in contempt is **DENIED**; and,

5. Adit Advertising, Inc.'s and Ali Jhaver's request for a protective order is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: November 17, 2020

Hon. Karen S. Crawford
United States Magistrate Judge