UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPHER MEDIA LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PHILLIP SPAIN and STEVEN MARINKOVICH,<br><br>　　　　　　　　　　Defendants. | Case No.:  19-cv-2280-CAB-KSC<br><br>**ORDER DENYING MOTION TO VACATE OR SET ASIDE PORTIONS OF MAGISTRATE JUDGE'S DISCOVERY ORDER**<br><br>[Doc. No. 50] |

On August 27, 2020, Magistrate Judge Karen Crawford issued an order on a joint motion for determination of a discovery dispute concerning electronically stored information ("ESI"). [Doc. No. 36.] In the order, Judge Crawford ordered Plaintiff to produce cell phones, laptops, tablets, and memory storage devices in use by Plaintiff's chief executive officer, Ajay Thakore, for forensic examination. [*Id.* at 8.] On September 25, 2020, Plaintiff moved before Judge Crawford for reconsideration of her order that Plaintiff produce Mr. Thakore's devices. [Doc. No. 42.] Judge Crawford denied Plaintiff's motion for reconsideration. [Doc. No. 48.] Plaintiff now objects to Judge Crawford's order for Plaintiff to produce Mr. Thakore's devices and moves for that aspect of Judge Crawford's order to be vacated or set aside. [Doc. No. 50.]

Under Rule 72(a), a party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. FED. R. CIV. P. 72(a).

District court review of magistrate judge orders on non-dispositive motions is limited. A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

"The 'clearly erroneous' standard applies to the magistrate judge's factual findings while the 'the contrary to law' standard applies to the magistrate judge's legal conclusions." *Yent v. Baca*, No. CV-01-10672 PA(VBKX), 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002). "[A] a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. "The objecting party carries the burden to show that the magistrate judge's order is clearly erroneous or contrary to law." *In re: Midland Credit Mgmt., Inc., TCPA Litig.*, No. 11-MD-2286-MMA (MDD), 2020 WL 6504416, at *4 (S.D. Cal. Nov. 5, 2020).

Here, upon review of the entire record, including Judge Crawford's orders and the parties' briefs, the Court is not persuaded that Judge Crawford's order requiring Plaintiff to produce Mr. Thakore's devices for forensic inspection was clearly erroneous or contrary to law. Accordingly, Plaintiff's objection to Judge Crawford's order that Plaintiff produce Mr. Thakore's devices is **OVERRULED**, and the motion to set aside is **DENIED**. Plaintiff shall comply with Judge Crawford's orders concerning the production of Mr. Thakore's devices [Doc. Nos. 36 and 48] by **November 23, 2020**.

It is **SO ORDERED**.

Dated:  November 18, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge

2

19-cv-2280-CAB-KSC