UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPHER MEDIA, LLC (formerly known as Local Clicks) dba Doctor Multimedia, a Nevada Limited Liability Corporation,<br><br>                 Plaintiff,<br><br>v.<br><br>PHILLIP SPAIN, an individual; STEPHEN MARINKOVICH, an individual,<br><br>                 Defendants. | Case No.: 3:19-cv-02280-CAB-KSC<br><br>**ORDER REGARDING THE COMPLETION OF FACT DEPOSITIONS** |

This matter is before the Court on the parties' third request for additional time to complete fact depositions.[1] The history of this request is as follows: The deadline for the parties to complete fact discovery was November 23, 2020. *See* Doc. No. 49 at 2. On December 4, 2020, over a week after the deadline had already passed, the parties jointly

---

[1] This number excludes the Court's own *sua sponte* amendment of the pretrial schedule given the significant number of discovery disputes raised by the parties and the amount of discovery left to be completed, and the parties' subsequent joint request to again continue the pretrial schedule due to their inability to complete discovery, which the Court granted. *See* Doc. Nos. 25, 46, and 49.

1

moved the Court for leave to complete six fact witness depositions.[2]  Doc. No. 68. Although the parties represented that they needed until January 31, 2021 to complete these depositions, the Court determined that with appropriate diligence the depositions could be completed by December 31, 2020 and so ordered.  *See* Doc. No. 73.

On December 28, 2020, the parties requested an additional 45 days to complete these depositions.  *See* Doc. No. 86.  During a conference between the Court's staff and the parties' counsel, it emerged that in the three weeks since the Court had granted their previous request, the parties had completed only ***one*** of the six depositions, and had scheduled the remaining five to take place during the last three days of the extension period. Unfortunately, Mr. Handal – the attorney for plaintiff who had been slated to either take or defend the five depositions – was seriously ill and could not proceed.  The Court was sympathetic to Mr. Handal's condition, but also frustrated that the parties and their counsel had not made better use of the previously-granted extension.  The Court encouraged Ms. Chalk, counsel of record for plaintiff, to take on the responsibility for the depositions and permitted the parties an additional ten days to complete them.  *See id.* (extending deadline to complete depositions to January 7, 2021).

On January 4, 2021, counsel once again contacted the undersigned's chambers to request more time to complete the depositions.  During the ensuing teleconference it emerged that as before, rather than make use of the extension already received, counsel had not taken any of the remaining depositions.  Ms. Chalk admitted that no facts or circumstances had changed since the parties' last conference, but reiterated that Mr. Handal was very ill and that it would be "prejudicial" to her client if she were to handle the remaining depositions.  Ms. Chalk also represented that the parties' request would not affect any other case deadlines, including the already-expired expert discovery cutoff and the February 19, 2021 deadline for the parties to file dispositive and *Daubert* motions.  Mr.

---

[2] The six witnesses were: defendants Steven Marinkovich and Philip Spain, plaintiff's Rule 30(b)(6) designee Pras Murthy and CEO Ajay Thakore, and nonparties Kathleen Gallagher and Josh Gosnell.

Berger, counsel for defendants, stated that he wished to extend Mr. Handal the "professional courtesy" of allowing additional time to complete the depositions.

Missing from counsel's discussion is any acknowledgement of their obligation to act diligently and to comply with the Court's orders. The Court does not condone the parties' and their counsel's regrettably routine disregard of its deadlines, which has impeded the Court's ability to manage its docket and repeatedly "disrupt[ed] the course of the litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1996) (noting that "[a] scheduling order 'is not a frivolous piece of paper, idly entered'") (citation omitted). Moreover, the fact discovery deadline was set in August 2020, yet ***five months later***, the depositions of the parties and their representatives have not been completed despite repeated extensions. Thus, notwithstanding Mr. Handal's unexpected illness, it remains the Court's view that "the parties' inability to complete discovery in a timely manner is due to their own lack of cooperation and diligence." Doc. No. 35 at 1-2.

Nor is the Court persuaded that Ms. Chalk's client would be "prejudiced" if she were to take or defend the remaining depositions. While Ms. Chalk has referred to Mr. Handal as "the lead counsel" in the case, the docket reflects that Ms. Chalk is co-equal counsel of record for plaintiff. Demonstrating her active role in litigating this case, Ms. Chalk signed the Complaint, has appeared and spoken on plaintiff's behalf in numerous discovery conferences with the Court, and has regularly signed and/or provided declarations in support of plaintiff's filings. *See*, *e.g.*, Doc. Nos. 1, 52, 68, 69-2, 70-5, and 71. Given Ms. Chalk's knowledge of the case and professional experience, the Court finds she is eminently capable of taking or defending the remaining depositions in the case without any resulting prejudice to plaintiff.

The Court is sympathetic to illness and other circumstances beyond counsel's control, but is reluctant to rescue them from the predictable consequence of their dilatory conduct. Nevertheless, because party depositions are important to achieving the policy aim of disposing of cases on their merits, the Court grants the parties one **final** extension to complete the remaining five depositions. **No further extensions of time will be granted.**

**No other discovery is authorized by this Order.  No other request by the parties to extend the pretrial deadlines will be granted.**  The Court will not tolerate counsel's continued willful failure to comply with its deadlines.

Accordingly, and for the reasons set forth above, it is **HEREBY ORDERED THAT** the parties shall have until **January 22, 2021** to depose, or complete the deposition of, any of these six witnesses (if the deposition has not already concluded): Steven Marinkovich, Philip Spain, Rule 30(b)(6) designee Pras Murthy, Ajay Thakore, Kathleen Gallagher and Josh Gosnell.

To ensure that counsel may devote their full attention to the completion of these depositions, the Mandatory Settlement Conference ("MSC") previously set for January 13, 2021 is hereby rescheduled to **February 3, 2021 at 9:30 a.m.**  The MSC will be held telephonically.  Counsel and all parties (or party representatives) with full settlement authority must appear.  To participate in the conference, counsel and parties should call 1-877-873-8017 and use access code 2924630.  By no later than 5:00 p.m. on January 27, 2021, counsel shall submit confidential settlement briefs not to exceed 5 pages directly to the Court at efile_Crawford@casd.uscourts.gov.  Also by 5:00 p.m. on January 27, 2021, counsel shall provide the Court with a single phone number at which counsel and the parties can be reached for separate caucus with each side during the MSC.

**IT IS SO ORDERED.**

Dated:  January 5, 2021

Hon. Karen S. Crawford
United States Magistrate Judge